IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GONZALES, JR. | § | |
| TDCJ-CID NO. 1097528, | § | |
| | § | |
| v. | § | C.A. NO. C-06-363 |
| | § | |
| DIRECTOR OF TDCJ-CID | § | |

## ORDER

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.  Pending is respondent's motion to dismiss Nathaniel Quarterman as a party.  (D.E. 13).

Respondent asserts that petitioner is challenging his conviction in State of Texas v. Willie Gonzales, Jr., Cause No. L-99-0058-1-CR-B from the 156th Judicial District Court of Live Oak County.  See (D.E. 10, at 17).  He further alleges that petitioner received ten years of community supervision for this conviction.  (D.E. 13, at 1).

Because respondent alleges that petitioner is not in custody of the Texas Department of Criminal Justice ("TDCJ"), respondent argues that Mr. Quarterman is not the appropriate respondent because he "does not have custody of Gonzales pursuant to this sentence."  Id. Instead, he claims that petitioner is in custody for his conviction in State of Texas v. Willie Gonzales, Jr., Cause No. B-99-2151-CR-B from the 156th Judicial District Court of Bee County. See (D.E. 10, at 31).  Respondent posits that the proper respondents are either his probation officer, Carlos Fuenteo, or the head of the Live Oak Community Supervision and Corrections Department, Dana J. Hendrick.  (D.E. 13, at 2 & n.3).

As an initial matter, respondent asserts that "Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that '[i]f the petitioner is currently is [sic] custody under a state-court judgment, the petition must name as respondent the state officer who

has custody." Id. at 1.[1]   Moreover, he argues that "[t]he Advisory Committee Note following

Rule 2 further explains that, in the situation where the applicant is on probation or parole due to

the state-court judgment that he is attacking, '[t]he named respondents shall be the particular

probation or parole officers responsible for supervising the applicant, and the official in charge

of the parole or probation agency or the state correctional agency as appropriate.'" Id. at 1-2.

Respondent fails to provide any case law to support his interpretation of Rule 2.  More

important, the advisory committee note that he quotes addresses Rule 2(b) as opposed to Rule

2(a).  Rule 2(b) of the Rules Governing Section 2254 Cases states:

> If the petitioner is not yet in custody–but may be subject to future
> custody–under the state-court judgment being contested, the
> petition must name as respondents both the officer who has current
> custody and the attorney general of the state where the judgment
> was entered.  The petition must ask for relief from the state-court
> judgment being contested.

(emphasis added).  Arguably, this rule is not applicable because petitioner is already in custody.

Consequently, it is unclear as to how respondent applies the advisory committee note to

petitioner's situation.  Indeed, the Eleventh Circuit has interpreted Rule 2(b) to require that

petitioner name as respondent the individual who has custody of him.  See Cook v. Fla. Parole &

Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985).  Additionally, the Third Circuit has rejected

an argument similar to the one proposed by respondent.  See Barry v. Bergen County Prob.

Dep't, 128 F.3d 152, 162-63 (3d Cir. 1997).

Respondent's brief raises more questions that it answers.  Accordingly, he is ordered to

file a supplemental brief addressing the plain language of Rule 2(a) as well as the fact that the

---

[1] Interestingly, petitioner is currently in custody for a state conviction and has named the
Director of TDCJ as respondent as is seemingly required by Rule 2(a).

advisory committee note addresses Rule 2(b), not Rule 2(a).  Furthermore, he is ordered to provide case law to support his interpretations and approach.

Next, respondent has not provided affidavits to support his assertions that petitioner's proper custodians should be Mr. Fuenteo and Mr. Hendrick.  Moreover, he has failed to provide any documentation to support his assertion that petitioner is in TDCJ custody pursuant to the Bee County conviction as opposed to the Live Oak County conviction.  Respondent routinely challenges (and rightly so) habeas petitioners for making unsupported assertions.  Here, however, he has failed to adhere to his own approach.

Accordingly, respondent is ordered to file with his supplemental brief affidavits from Mr. Fuenteo and Mr. Hendrick.  Moreover, he is ordered to file documentation to support his assertion that petitioner is in custody solely pursuant to the Bee County conviction with an affidavit from the appropriate person at the TDCJ.  This supplemental briefing with the affidavits is to be filed no later than Friday, December 15, 2006.  Petitioner may file any response to this supplemental brief no later than Friday, January 5, 2007.

ORDERED this 8th day of December 2006.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

3