IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GONZALES, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-363 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION TO
DISMISS NATHANIEL QUARTERMAN AS A PARTY RESPONDENT**

Petitioner Willie Gonzales, Jr. brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence for burglary of a habitation in cause number L-99-0058-1-CR-B from the 156th Judicial District Court of Live Oak County, Texas.  (D.E. 1, at 3).[1]  Pending before the Court is respondent's motion to dismiss as a party respondent.  (D.E. 13).  Petitioner has not filed a response to this motion.[2]  For the reasons set forth below, it is respectfully recommended that respondent's motion be granted and that the proper respondents be substituted in this action.

---

[1] Petitioner is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") for burglary of a habitation pursuant to cause number B-99-2151-CR-B of the 156th Judicial District Court of Bee County, Texas.  See generally (D.E. 1); (D.E. 15, Ex. B).

[2] Pursuant to Local Rule 7.4, failure to respond is taken as an indication of no opposition.

# I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted by the 156th Judicial District Court in Sinton, Texas, and therefore, jurisdiction is proper in this Court.

# II. BACKGROUND

On August 16, 1999, petitioner pleaded guilty to burglary of a habitation in cause number L-99-0058-1-CR-B from the 156th Judicial District Court of Live Oak County, Texas. (D.E. 10, at 29). On October 20, 1999, he was found guilty and sentenced to ten years imprisonment; however, the imposition of confinement was suspended and he was placed on community supervision for ten years. Id.

On September 17, 2001, the state filed a motion to revoke petitioner's community supervision. Id. at 30. On April 24, 2002, the state court ordered his community supervision revoked and re-imposed the original sentence of ten years confinement. Id. Effective October 30, 2002, petitioner's sentence of confinement was suspended, and he was again placed on community supervision for ten years. Id.

Petitioner is currently confined at the TDCJ-CID's Gib Lewis Unit for an

unrelated offense, cause number B-99-2151-CR-B of the 156th Judicial District Court of Bee County, Texas. Id. at 31. Specifically, he received ten years of imprisonment for burglary of a habitation for this Bee County conviction. (D.E. 15, Ex. B). The court has not revoked petitioner's community supervision in the Live Oak County conviction, cause number B-99-0058-1-CR-B, which petitioner now challenges. See (D.E. 10, at 31).

On June 19, 2006, petitioner filed this petition for writ of habeas corpus in the United States Court for the Eastern District of Texas, Lufkin Division. (D.E. 1). He did not specify a respondent on his petition. See id. at 1. On July 17, 2006, Nathaniel Quarterman, the Director of the TDCJ-CID, was named as the respondent in the action. (D.E. 4). The petition was then transferred to this Court, relying on petitioner's Bee County conviction, rather than the conviction from Live Oak County, which is the conviction he challenges with this petition for writ of habeas corpus. Id.

Respondent filed a motion to dismiss Director Quarterman as a party respondent, (D.E. 13), asserting that "the Director does not have custody of Gonzales pursuant to this sentence and therefore requests that the Court dismiss him as respondent." Respondent filed exhibits in support of the motion. (D.E. 15, 16). Among the exhibits submitted by respondent was a letter that is purportedly

from petitioner. (D.E. 15, Ex. A). The Court did not receive an original copy of this letter from petitioner. Nevertheless, the letter indicates that when he filed his petition for writ of habeas corpus, he did not know "who to name as respondent," and therefore:

> ... when the court named Mr. Nathaniel Quartermans [sic] ("Director") I was confident that the court had made the right choice. I would also like to file a motion to substitute my original probation officer since it was her who let me know the court had in fact made a mistake. Her name is Sandy Lopez out of (San Patricio County) Sinton TX 78587. Also probation officer Jerry Herrera out of (Live Oak County) George West TX 78222.

Id. The Court has not received a motion to substitute respondents from petitioner.

## III.  DISCUSSION

Respondent asserts that Director Quarterman is not the proper respondent in this action because he does not have lawful custody of petitioner for the conviction and sentence that petitioner challenges in his petition. (D.E. 13).

**A.     The Custodian Is the Proper Respondent for Writ of Habeas Corpus.**

The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also 28 U.S.C. § 2243 ("The writ ... shall be directed to the person having custody of the person detained."). The Supreme Court has explained:

> [T]here is generally only one proper respondent to a

4

> given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, <u>that he may be liberated if no sufficient reason is shown to the contrary</u>."

Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (italics in original) (emphasis added) (citations omitted).

Although petitioner is presently confined within the TDCJ-CID for the Bee County conviction, he challenges the Live Oak County conviction for which he is presently on community supervision. Rule 2(a) of the Rules Governing Section 2254 Cases states that "[i]f the petitioner is in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Pursuant to Texas law, custody extends beyond imprisonment. Texas law specifically provides that constructive custody occurs "whereby one person exercises a control over the person of another, and detains him within certain limits." Tex. Code Crim. Proc. art. 11.21 (Vernon 2005). In addition, Texas law provides that community supervision constitutes confinement, and for purposes of habeas corpus relief, the petitioner is in constructive custody. Ex parte Okere, 56 S.W.3d 846, 852 (Tex. App. 2001); see also Ex parte McCullough, 966 S.W.2d

529, 531-32 (Tex. Crim. App. 1998) (per curiam) (finding habeas petitioner's liberty was restrained by community supervision).

If petitioner were challenging the conviction for which he is confined, then the Director would be the proper respondent. However, as respondent notes, petitioner has two custodians. Director Quarterman would be unable to provide relief from petitioner's Live Oak County conviction, or its attendant community supervision. The director of the Live Oak County Community Supervision and Corrections Department, which is the entity with custody of petitioner for purposes of the conviction and sentence he is challenging, as well as petitioner's Community Supervision Officer, would be able to provide the relief requested by petitioner if his habeas petition is granted. Therefore, they are the proper respondents in this petition. See Rumsfeld, 542 U.S. at 534-45.

It is respectfully recommended that Director Quarterman does not have custody of petitioner pursuant to the conviction that he is challenging and is not the proper respondent in this action. It is further respectfully recommended that Director Quarterman be dismissed as a party respondent.

**B.    The Substitution of the Proper Respondent.**

The habeas corpus statute also provides that the application for a writ of habeas corpus "may be amended or supplemented." 28 U.S.C. § 2242. Addressing

habeas petitions, the Fifth Circuit has found that "a pro se plaintiff who has named the wrong defendant should be permitted to amend his pleadings if there is a potential ground for relief." Antonelli v. Lappin, 134 Fed. Appx. 700, 701 (5th Cir. June 14, 2005) (per curiam) (unpublished) (citing Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988)); see also West v. State of Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973) ("Failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."), vacated on other grounds, 510 F.2d 363 (5th Cir. 1975) (en banc) (per curiam).

The Director has included two affidavits in his response that certify that the 36th, 156th, and 343rd Judicial Districts Community Supervision and Corrections Department, located in George West, Texas, is presently supervising petitioner pursuant to cause number L-99-0058-1-CR-B, the Live Oak County conviction he challenges with this petition for writ of habeas corpus. (D.E. 16, Ex. A, B). Dana J. Hendrick is the Director of the Live Oak County Community Supervision and Corrections Department in Sinton, Texas, and Sandy Lopez is petitioner's Community Supervision Officer. Id.

It is respectfully recommended that Dana J. Hendrick and Sandy Lopez be substituted as the respondents in this action.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 13), be granted, and that Director Quarterman be dismissed and terminated as a party respondent.  It is further respectfully recommended that Dana J. Hendrick and Sandy Lopez be substituted as the respondents in this petition.

Respectfully submitted this 1st day of February 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).