# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GONZALES, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-363 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## ORDER FOR PETITIONER TO SUBMIT CLARIFYING STATEMENT

Petitioner Willie Gonzales, Jr. ("Petitioner") brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. As discussed in more detail herein, it is not clear from his petition which of two separate convictions he is challenging. Thus, the Court orders that Petitioner submit a statement to the Court clarifying this issue.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Of the two convictions Petitioner might be challenging, one was obtained in Bee County and one was obtained in Live Oak County. Both of those counties are within this Court's boundaries and thus jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6) (Corpus Christi Division of the Southern District of Texas includes the counties of Bee and Live Oak).

## II. BACKGROUND

On August 16, 1999, Petitioner pleaded guilty to burglary of a habitation in Cause Number L-99-0058-1-CR-B in the 156th Judicial District Court of Live Oak County, Texas ("the Live Oak County Conviction" or "the Live Oak County Case"). (D.E. 10 at 29.) On October 29, 1999, he was

found guilty and sentenced to ten years imprisonment; however, the imposition of confinement was suspended and he was placed on community supervision for ten years. (Id.)

On September 17, 2001, the state filed a motion to revoke Petitioner's community supervision in the Live Oak County Case. (Id. at 30.) On April 24, 2002, the state court ordered his community supervision revoked and re-imposed the original sentence of ten years confinement. (Id.) Effective October 30, 2002, Petitioner's sentence of confinement was suspended and he was again ordered placed on community supervision for ten years. (Id.) The court has not revoked Petitioner's community supervision in the Live Oak County Case. (See D.E. 10 at 31.)

Petitioner is currently confined at the Gib Lewis Unit of the Texas Department of Criminal Justice ("TDCJ") as a result of his conviction in Cause Number B-99-2151-CR-B out of the 156th Judicial District Court of Bee County, Texas ("the Bee County Conviction" or "the Bee County Case"). (Id. at 31.) Specifically, Petitioner received ten years of imprisonment for burglary of a habitation in the Bee County Case. (D.E. 15, Ex. B.)

### III. DISCUSSION

**A.    Petitioner's Federal Habeas Petition**

In the petition he filed in this case, Petitioner references both the Bee County Case and the Live Oak County Case. (D.E. 1 at 3.) The petition was originally filed in the United States Court for the Eastern District of Texas, Lufkin Division. (D.E. 1). Petitioner did not specify a respondent. (See id. at 1.) On July 17, 2006, Nathaniel Quarterman, the Director of the TDCJ-CID, was named as the Respondent in the action. (D.E. 4). The petition was construed by United States Magistrate Judge Judith K. Guthrie as challenging Petitioner's conviction in the Bee County Case, and was transferred to this Court. (D.E. 4 at 1-2.)

2

Pending before the Court is Respondent Nathaniel Quarterman's "Motion to Dismiss Quarterman as Party Respondent." (D.E. 13.) Petitioner did not file a response to the motion.[1] Respondent argues that Petitioner is challenging his Live Oak County Conviction, and that Quarterman is not the proper respondent to the petition. On February 1, 2007, United States Magistrate Judge Brian Owsley entered a Memorandum and Recommendation in which he recommends granting Respondent's motion to dismiss Quarterman as the respondent. The Magistrate Judge further recommended substituting as respondents Sandy Lopez, Petitioner's Community Supervision Officer for the Live Oak County Conviction, and Dana J. Hendrick, the Director of the Live Oak County Community Supervision and Corrections Department in Sinton, Texas. (See generally D.E. 18.)

The Court cannot determine who the proper respondent is (and thus, cannot determine whether the Motion to Dismiss should be granted), until it determines which conviction Petitioner is challenging.[2] Having reviewed the record in this case, however, the Court finds that his federal petition is ambiguous as to which conviction Petitioner challenges.[3]

As noted, Respondent contends that Petitioner is challenging his conviction in the Live Oak County Case, for which he is currently subject to a sentence of community supervision. Another plausible reading of the petition, however, is that Petitioner is challenging the mere fact that he is incarcerated, when he contends he has never been sentenced to ten years in the custody of the TDCJ.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as an indication of no opposition.

[2] Petitioner cannot challenge both convictions in a single petition. Rule 2(e), Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

[3] Although Respondent has taken the position that Petitioner is challenging his Live Oak County conviction, the motion to dismiss recognizes that the petition is less than clear on this issue. (D.E. 13 at 2 n.2.) Additionally, the court that transferred the petition here construed it as challenging the Bee County conviction. (D.E. 4.)

Put differently, his petition could be construed as challenging his current incarceration, and thus the Bee County Case, and not his sentence of community supervision, which is the result of the Live Oak County Case.

The lack of clarify stems largely from the petition itself.[4] For example, at the beginning of his petition, Petitioner references both counties. (D.E. 1 at 2.) He also responds to a question about the length of the sentence being challenged by stating: "10 yrs/probated (10) yrs" which could be a reference to both sentences, i.e., 10 years for the Bee County Conviction and 10 years probated for the Live Oak County Conviction. (Id.) When asked the nature of the offense, Petitioner responds, "Burglary of Habitation Second Degree." (Id.) This response does not clarify which conviction he is challenging because both convictions were for burglary of a habitation. (D.E. 15, Ex. B; D.E. 10 at 29.)

Moreover, in the narrative portion of his petition, Petitioner references events that occurred with regard to his Live Oak County Case sentence in 2002 and 2003, but they appear to be by way of background. (D.E. 1 at 7.) He then concludes his petition by stating "It is now 06-06-06 and I am still in prison when I was never sentenced by any judge to serve a prison term of (10) yrs." (D.E. 1 at 8.) This statement clearly challenges his current incarceration, which is pursuant to his Bee County Conviction. His supporting facts also indicate that he is challenging the fact that he is currently

---

[4] Based on his statements both in his federal petition and his state habeas petition, it appears that much Petitioner himself is confused about how his two cases are related. That is, he seems to believe that he is currently incarcerated pursuant to the Live Oak County Conviction. In his state petition, for example, he listed the Live Oak County Conviction as the judgment he was challenging, but then argued (as he does here) that he should not be incarcerated because he was not sentenced to ten years in prison. (D.E. 10 at 7, 9, 11.) This suggests that he believes he is incarcerated pursuant to the Live Oak County Conviction. Indeed, Petitioner even acknowledges his confusion: "Judge Ronald M. Yeager [the judge in the Live Oak County Case] sentenced me after revocation of (10) year [sic] probation to (90) day boot camp and a relapse track in the SAFP program for (6) months. I am confused as to how I was spared my sentence and sent to the Department of Corrections instead. This is clearly illegal sentencing." (D.E. 10 at 13.)

incarcerated. (D.E. 1 at 9 (stating that he was not sentenced to ten years in custody, and that his attorney told him he would be released after his "review from bootcamp").)

Based on the foregoing, the Court finds that the petition is unclear as to which conviction Petitioner is challenging.

**B.    Clarification Required From Petitioner**

In order to clarify the record and to ensure that the Court properly understands Petitioner's claims and precisely which conviction he is challenging, the Court ORDERS the Petitioner to submit a brief statement to the Court. In his statement, Petitioner shall inform the Court whether he is challenging:

> A.    His current incarceration in TDCJ custody while serving the ten-year sentence imposed in the Bee County Case (Cause Number B-99-2151-CR-B out of the 156th Judicial District Court of Bee County, Texas); or
>
> B.    His sentence of ten years community service imposed in the Live Oak County Case (Cause Number L-99-0058-1-CR-B in the 156th Judicial District Court of Live Oak County, Texas).

Moreover, Petitioner's statement containing the foregoing information shall be filed ***not later than twenty days after entry of this Order.***

## IV.  CONCLUSION

For the reasons set forth above, the Petitioner is ordered to submit a statement to the Court identifying the conviction and sentence that he is attacking in his federal petition not later than twenty days after entry of this Order.

It is so ORDERED this 9th day of February, 2007.

_____
Janis Graham Jack
United States District Judge