IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GONZALES, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-363 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**ORDER**

On this day came on to be considered Respondent Nathaniel Quarterman's "Motion to Dismiss with Brief in Support" filed in the above-styled action (D.E. 27). For the reasons set forth below, the Court hereby GRANTS Respondent Quarterman's motion to dismiss.[1]

**I.  Jurisdiction**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted by the 156th Judicial District Court in Bee County, Texas, and therefore, jurisdiction is proper in this Court.

---

[1]On May 24, 2007, Magistrate Judge Brian Owsley signed a "Memorandum and Recommendation," (D.E. 32) recommending that this Court grant Respondent Quarterman's motion to dismiss. This Court, however, DECLINES TO ADOPT the Magistrate's Memorandum and Recommendation and substitutes this Order in its place.

-1-

## II.  Background

Petitioner Willie Gonzales, Jr. brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction and sentence in Cause No. B-99-2151-0-CR-B from the 156th Judicial District Court of Bee County, Texas. (D.E. 1, at 3); (D.E. 22).

### A.  Bee County Conviction

Respondent has lawful custody of Petitioner pursuant to a judgment of the 156th Judicial District Court of Bee County, Texas, in Cause No. B-99-2151-0-CR-B.  (D.E. 27, Ex. A at 2).  On November 18, 1999, Petitioner pled nolo contendere to burglary of a habitation pursuant to a plea agreement in Cause No. B-99-2151-CR-B, styled The State of Texas vs. Willie Gonzales, Jr. (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, November 18, 1999 Judgment).  Petitioner was given a ten-year sentence, which was suspended, and he was placed on community supervision.  Id.; see also (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, March 14, 2002 Order Revoking Community Supervision And Sentence).

On October 11, 2001, the State filed an amended motion to revoke Petitioner's community supervision.  (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, October 11, 2001 Amended Motion To Revoke Community Supervision).  In its amended motion to revoke, the State alleged eight violations of Petitioner's conditions of community supervision that took place between December, 2000 and

August, 2001.  Id.  On March 14, 2002, Petitioner entered into a stipulation acknowledging his ten-year suspended sentence, and stating that he received and understood a copy of the conditions for community supervision. (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, March 14, 2002 Stipulation).  On that same day, Petitioner also entered into a stipulation regarding the evidence of violations of his conditions of community supervision.  (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, March 14, 2002 Stipulation Of Evidence).  He also entered a plea of true to the allegations that he violated conditions of his community supervision.  (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, March 14, 2002 Plea Of True).

On March 14, 2002, the state trial judge revoked the Petitioner's community supervision and sentenced him to ten years confinement in TDCJ-CID.  (D.E. 31) (Texas v. Gonzales, No. B-99-2151-0-CR-B, March 14, 2002 Order Revoking Community Supervision And Sentence).  In his federal habeas petition, the Petitioner challenges his incarceration pursuant to this March 14, 2002 Bee County conviction.  (D.E. 22).

**B.   Live Oak County Conviction**

Of note, there is also a Live Oak County, Texas conviction that Petitioner references in his federal habeas petition. Petitioner asserts that on April 24, 2002, his probation for this Live Oak County conviction was revoked.  Specifically, Petitioner

-3-

claims that he was supposed to have been released after completion of a 90-day boot camp, but that upon completion of the boot camp, he was informed that a "mistake" had occurred and he would have to complete a six month "relapse track."  (D.E. 1, at 7-8).  Petitioner claims that shortly after he began this "relapse track" program, he was informed that another "mistake" had been made and he would have to begin serving a ten-year sentence.  Id.  Petitioner now argues that he was never sentenced to ten years imprisonment by any judge.  Id. at 8.  Of note, Petitioner has since clarified that he is not challenging this Live Oak County conviction in his federal habeas petition, rather, he is challenging the Bee County conviction discussed above.  (D.E. 22).

C.   **State Court Habeas Application**

In July, 2005, Petitioner filed a state habeas application challenging his imprisonment.  Ex parte Gonzales, App. No. WR-63,053-01.  However, he specifically challenged his conviction in Cause No. L-99-0058-1-CR-B, which is the Live Oak County conviction.  See id. at 2.  It appears that the Petitioner was mistaken regarding the conviction for which he is currently incarcerated (Petitioner is incarcerated pursuant to the Bee County conviction, not the Live Oak County conviction).  On March 22, 2006, the Texas Court of Criminal Appeals dismissed Petitioner's state habeas application, on the grounds that his community supervision for the challenged conviction was never actually

-4-

revoked.  <u>See</u> <u>id.</u> at Action Taken, Application for 11.07 Writ of
Habeas Corpus, After Remand.

**D.   <u>Petitioner's Federal Habeas Petition</u>**

On June 19, 2006, Petitioner filed the instant federal
petition for writ of habeas corpus.  (D.E. 1).  In his petition,
Petitioner wrote that he was challenging both his Bee County and
Live Oak County convictions.  <u>See</u> <u>id.</u> at 2.  When the Court
requested that Petitioner clarify his request for relief, he
specified that he is challenging the conviction for which he is
currently incarcerated, which is Cause No. B-99-2151-0-CR-B from
the 156th Judicial District Court of Bee County, Texas.  (D.E. 22,
at 1-2).

Petitioner raises the following claims in his petition for
federal habeas relief:

(1)   Petitioner claims that his conviction was obtained by a
      violation of the protection against double jeopardy,
      (D.E. 1, at 6); and

(2)   Petitioner claims he received ineffective assistance of
      counsel.  <u>Id.</u>

**E.   <u>Respondent Quarterman's Motion to Dismiss</u>**

On April 2, 2007, Respondent Quarterman filed the motion to
dismiss that is currently before the Court (D.E. 27).  Respondent
argues that Petitioner's claims are time-barred by the limitations
period set forth in the Antiterrorism and Effective Death Penalty

-5-

Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), and
in the alternative, that Petitioner's claims should be dismissed
for failure to exhaust state law remedies.

Pursuant to Local Rule 7.3, Petitioner's response to
Respondent's motion to dismiss was due on April 23, 2007. However,
as of the date of this Order, Petitioner has not filed any response
to Respondent's motion.[2]

## III. **Discussion**

### A.   **Motion to Dismiss Standard of Review**

In order to be entitled to habeas relief, Petitioner must show
his liberty is being restrained in violation of the constitution,
treaties, or statutes of the United States.   <u>United States v.
Hayman</u>, 342 U.S. 205, 211 (1952).   "Habeas corpus relief is
extraordinary and 'is reserved for transgressions of constitutional
rights and for a narrow range of injuries that could not have been
raised on direct appeal and would, if condoned, result in a
complete miscarriage of justice.'"   <u>Kinder v. Purdy</u>, 222 F.3d 209,
213 (5th Cir. 2000) (per curiam) (citing <u>United States v. Vaughn</u>,
955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure
authorizes courts to dismiss claims on the basis of dispositive
law.   Fed. R. Civ. P. 12(b)(6); <u>Neitzke v. Williams</u>, 490 U.S. 319,

---

[2]Pursuant to Local Rule 7.4, failure to respond to a motion
"will be taken as a representation of no opposition."   L.R. 7.4.

326 (1989) (citations omitted).  When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  _Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc._, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); _Cinel v. Connick_, 15 F.3d 1338, 1341 (5th Cir. 1994).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  _Conley v. Gibson_, 355 U.S. 41, 45-46 (1957); _accord_ _Mitchell v. McBryde_, 944 F.2d 229, 230 (5th Cir. 1991) (quoting _Conley_).  Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief.  _See_ _Conley_, 355 U.S. at 45-46; _Lowrey v. Tex. A&M Univ. Sys._, 117 F.3d 242, 247 (5th Cir. 1997).

**B.   Petitioner's Claims are Unequivocally Time-Barred**

**1.   Statute of Limitations Pursuant to the AEDPA**.

The AEDPA provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief.  _Prieto v. Quarterman_, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)).  That one-year statute of limitations runs from the latest of--

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution

-7-

or laws of the United States is removed, if the applicant
was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was
      initially recognized by the Supreme Court, if the right
      has been newly recognized by the Supreme Court and made
      retroactively applicable to cases on collateral review;
      or

(D)   the date on which the factual predicate of the claim or
      claims presented could have been discovered through the
      exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

A properly filed state application for post-conviction relief
tolls the AEDPA period of limitations for the entire time the state
application is pending.  Id. at § 2244(d)(2).  A state application
for post-conviction relief is "'*properly*' filed when its delivery
and acceptance are in compliance with the applicable laws and rules
governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000)
(emphasis in original).  A state application for post-conviction
relief is pending "until the application has achieved final
resolution through the State's post-conviction procedures."  Carey
v. Saffold, 536 U.S. 214, 220 (2002).  While a state application
for post-conviction relief generally tolls the AEDPA limitations
period, a state application for habeas relief that is not filed
within the federal limitations period does not toll the limitations
period under § 2244(d)(2).  Scott v. Johnson, 227 F.3d 260, 263
(5th Cir. 2000).

Under "rare and exceptional circumstances," equitable tolling
may also apply pursuant to the AEDPA.  In re Wilson, 442 F.2d 872,

-8-

875 (5th Cir. 2006) (per curiam) (citing <u>Fierro v. Cockrell</u>, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  <u>Id.</u> (citing <u>Fierro</u>, 294 F.3d at 682).  Equitable tolling only applies where the petitioner's failure to comply with the AEDPA's statute of limitations results from "an extraordinary factor beyond the plaintiff's control" that prevents filing on time.  <u>Felder v. Johnson</u>, 204 F.3d 168, 174 (5th Cir. 2000).  Ignorance of the law is insufficient to warrant equitable tolling, even for a <u>pro</u> <u>se</u> petitioner.  <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).

**2.  <u>Petitioner's Federal Habeas Petition is Time-Barred by the Limitations Period of the AEDPA</u>**

In this case, 28 U.S.C. §§ 2244(d)(1)(B) and (C) are not applicable to Petitioner's federal habeas petition.[3]  Accordingly, the AEDPA one-year statute of limitations must run from the later of the date Petitioner's conviction became final, or the date that the Petitioner "could have" discovered the factual basis of his claim(s).  28 U.S.C. §§ 2244(d)(1)(A) and (D).  In this case, Petitioner's challenged Bee County conviction became final on April

---

[3]Sections 2244(d)(1)(B) and (C) refer to situations where a constitutional right has been newly recognized by the Supreme Court, or where unconstitutional State action had previously created an impediment to the filing of a habeas petition.  Both of these situations are inapplicable to the instant case.

15, 2002.[4]  With regard to the date that Petitioner could have discovered the factual basis of his claims, even construing his petition as liberally as possible, Petitioner was aware that the alleged "mistakes" had been made with regard to the ten-year sentence at the latest on May 1, 2002.  <u>See</u> (D.E. 1, at 7-8).[5] Accordingly, the one-year statute of limitations began to run on May 1, 2002 (the later of the two dates discussed above), and Petitioner's deadline to file his federal habeas petition expired at the latest on May 1, 2003.  However, Petitioner did not file his federal habeas petition until June 19, 2006, over <u>three years</u> after the expiration of the AEDPA limitations period.

---

[4]On March 14, 2002, Petitioner entered his plea of true to the allegations that he violated the conditions of his community supervision.  (D.E. 31) (<u>Texas v. Gonzales</u>, No. B-99-2151-0-CR-B, March 14, 2002 Plea of True).  Also on that date, the state trial judge revoked the Petitioner's community supervision and sentenced him to ten years confinement in TDCJ-CID.  (D.E. 31, <u>Texas v. Gonzales</u>, No. B-99-2151-0-CR-B, March 14, 2002 Order Revoking Community Supervision and Sentence).  The time for Petitioner to file his notice of appeal expired on April 15, 2002.  <u>Id.</u>  Reading Petitioner's federal habeas petition in the most generous light possible, this makes Petitioner's conviction final as of April 15, 2002.

[5]Petitioner claims that on April 24, 2006, he was informed that a "mistake" had been made and that he would not be released upon completion of the 90-day boot camp program, but rather he would have to begin a six-month "relapse track" program.  He claims that one week into this six-month program, he was informed that another "mistake" had been made and he would have to begin serving a ten-year sentence.  It is this ten-year sentence he now challenges, claiming that he was never sentenced to ten years by any judge.  As noted above, the latest date Petitioner would have learned of this alleged "mistake" regarding the ten-year sentence would have been on May 1, 2002, one week after he began the relapse program on April 24, 2002.  (D.E. 1, at 7-8).

Also of note, while Petitioner did file a state habeas application, that habeas application did not toll the AEDPA one-year statute of limitations for the filing of a federal habeas petition in this Court.   First, Petitioner's state habeas application was not timely, because it was not filed until July, 2005.   See Ex parte Gonzales, App. No. WR-63, 053-01.   As noted above, a state habeas application that is not filed within the federal limitations period does not toll the limitations period under AEDPA § 2244(d)(2).   Scott, 227 F.3d at 263.   The federal limitations period in this case expired in May, 2003.   Accordingly, Petitioner's July, 2005 state habeas application was not timely and did not toll the limitations period.   Further, Petitioner's state habeas application did not properly challenge the Bee County conviction for which he is incarcerated (and which he now challenges with his federal petition).   See Ex parte Gonzales, App. No. WR-63, 053-01.   Rather, Petitioner's state habeas application challenged his Live Oak County conviction.   Accordingly, even if Petitioner's state habeas application had been timely, it still would not have tolled the limitations period for Plaintiff to bring these particular federal claims.   See 28 U.S.C. § 2244(d)(2).

Finally, Petitioner has not presented this Court with any evidence that a circumstance beyond his control prevented his filing of a federal habeas petition until over three years after the federal limitations period had expired in May, 2003.   Because

-11-

Petitioner did not file his federal habeas petition until June 19, 2006, and Petitioner failed to demonstrate that he is entitled to equitable tolling of the ADEPA limitations period, the Court finds that Petitioner's claims are unequivocally time-barred.[6]

**C.   <u>Certificate of Appealability</u>**

In a habeas corpus proceeding, an appeal from a final order may not be taken to the Fifth Circuit "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   Although Petitioner has not yet filed a notice of appeal, this Court nonetheless will address whether Petitioner would be entitled to a certificate of appealability.   See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may <u>sua</u> <u>sponte</u> rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.   Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a

---

[6]The Court notes that Respondent Quarterman also argues that Petitioner's federal habeas petition should be dismissed on the grounds that Petitioner failed to exhaust his state law remedies. Since, as set forth above, Petitioner's claims are time-barred under the AEDPA one-year limitations period, the Court does not reach Respondent Quarterman's argument regarding failure to exhaust.

constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, the Court determines that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.

<u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, the Court finds that Petitioner is not entitled to a certificate of appealability as to his claims.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the Court hereby GRANTS Respondent Quarterman's motion to dismiss Petitioner's federal habeas corpus petition (D.E. 27).  Petitioner's petition for writ of habeas corpus is hereby DISMISSED as time-barred under the limitations period set forth in AEDPA § 2244(d)(1)-(2).

SIGNED and ENTERED this the 11th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

-14-